**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DIEGO IGNACIO MURGUIA, derivatively on behalf of READY CAPITAL CORPORATION and BROADMARK REALTY CAPITAL INC., <br><br> Plaintiff, <br><br> v. <br><br> READY CAPITAL CORPORATION and BROADMARK REALTY CAPITAL INC., <br><br> Nominal Defendants, <br><br> and <br><br> THOMAS E. CAPASSE, ANDREW AHLBORN, MEREDITH MARSHALL, DOMINIQUE MIELLE, GILBERT NATHAN, J. MITCHELL REESE, JACK J. ROSS, TODD M. SINAI, JEFFREY B. PYATT, JONATHAN R. HERMES, KEVIN M. LUEBBERS, DANIEL J. HIRSCH, PINKIE D. MAYFIELD, STEPHEN G. HAGGERTY, DAVID A. KARP, NORMA A. LAWRENCE, FRANK P. FILIPPS, ANDREA PETRO, and WATERFALL ASSET MANAGEMENT, LLC <br><br> Defendants. | C.A. No. 1:25-cv-02350-JRR |

**JOINT STIPULATION AND ORDER STAYING ACTION**

Plaintiff Diego Ignacio Murguia ("Plaintiff"), Nominal Defendant Ready Capital Corporation ("Ready Capital" or the "Company"), Nominal Defendant Broadmark Realty Capital Inc. ("Broadmark"), Defendant Waterfall Asset Management, LLC ("Waterfall"), Defendants Thomas E. Capasse, Andrew Ahlborn, Meredith Marshall, Dominique Mielle, Gilbert Nathan, J. Mitchell Reese, Jack J. Ross, Todd M. Sinai, Frank P. Filipps, and Andrea Petro (the "Ready Capital Individual Defendants"), and Defendants Jeffrey B. Pyatt, Jonathan R. Hermes, Kevin M.

Luebbers, Daniel J. Hirsch, Pinkie D. Mayfield, Stephen G. Haggerty, David A. Karp, and Norma A. Lawrence (the "Broadmark Individual Defendants" and, with Ready Capital, Broadmark, Waterfall, and the Ready Capital Individual Defendants, the "Defendants," and, with the Plaintiff, the "Parties"), by and through their undersigned counsel, state as follows:

WHEREAS, on July 18, 2025, Plaintiff commenced a shareholder double derivative action on behalf of Ready Capital and Broadmark, *Murguia v. Broadmark Realty Capital et al.*, Case No. 1:25-cv-02350-JRR (D. Md.) ("the "*Murguia* Action"), alleging, *inter alia*, that the Individual Defendants violated the federal securities laws, as well as state law, including breach of the fiduciary duties owed to Broadmark and Ready Capital;

WHEREAS, a related putative securities class action, filed on May 28, 2025, *Grant, et al. v. Broadmark Realty Capital Inc., et al.*, Case No. 2:25-cv-01013-LK (W.D. Wash.) (the "Securities Class Action"), is currently pending in the United States District Court for the Western District of Washinton against Ready Capital, Broadmark, Waterfall and certain Ready Capital and Broadmark Individual Defendants;

WHEREAS, there is substantial overlap in the facts and circumstances alleged in the *Murguia* Action and those underlying the Securities Class Action, including the relevance of many of the same documents and witnesses, and several of the Individual Defendants in the *Murguia* Action are also named as defendants in the Securities Class Action (the "Securities Class Action Defendants");

WHEREAS, the defendants in the Securities Class Action are awaiting the appointment of a Lead Plaintiff;

WHEREAS, after a Lead Plaintiff is appointed in the Securities Class Action, defendants in the Securities Class Action anticipate that an amended complaint will be filed;

2

WHEREAS, defendants in the Securities Class Action anticipate filing a motion to dismiss that action; and

WHEREAS, due to the substantial overlap of factual issues in the *Murguia* Action and the Securities Class Action, Plaintiff and Defendants have agreed that the *Murguia* Action should be temporarily stayed on the terms set forth below to conserve the time, effort, and resources of the Court, counsel, and litigants until the earlier of: (1) the dismissal of the Securities Class Action with prejudice, and the exhaustion of all appeals thereto, or (2) the motion to dismiss the Securities Class Action is denied in full or in part.

THEREFORE, the Parties, through their undersigned counsel, hereby STIPULATE and AGREE, subject to the approval of the Court, that:

1. The *Murguia* Action shall be stayed until the earlier of: (1) dismissal of the Securities Class Action with prejudice, and the exhaustion of all appeals thereto, or (2) denial, in full or in part, of the motion to dismiss the Securities Class Action.

2. Defendants will promptly notify Plaintiff's counsel of: (a) any shareholder double derivative action filed on behalf of both Ready Capital and Broadmark which arises from substantially the same facts and circumstances, and asserts claims substantially similar to those asserted in the *Murguia* Action ("Related Derivative Action"); (b) any demand that Ready Capital's Board of Directors investigate and/or pursue claims substantially similar to those asserted in the *Murguia* Action ("Related Litigation Demand"); or (c) if any Related Derivative Action is not stayed on similar terms.

3. In the event discovery in the Securities Class Action proceeds, Defendants shall provide Plaintiff with copies of any documents produced, or written discovery responses served, in the Securities Class Action in the same form and manner as they were produced or served,

3

including any agreements regarding the scope of discovery, and transcripts of depositions in the Securities Class Action, subject to an appropriate confidentiality agreement that permits Plaintiff use of such discovery in the *Murguia* Action subject to the other provisions of this Stipulation.

4.    Defendants will promptly produce to Plaintiff any documents produced: in any Related Derivative Action, subject to an appropriate confidentiality agreement that permits Plaintiff to use such material in the *Murguia* Action, subject to the other provisions of this Stipulation.

5.    The Parties agree that, if any Related Derivative Action is not stayed, Plaintiff may lift the stay of this action upon seven (7) days' notice in writing to the undersigned Counsel for Defendants via email, which notice shall also be filed with the Court.

6.    The Parties agree that, notwithstanding this stay of the *Murguia* Action, Plaintiff may file an amended complaint incorporating documents produced to Plaintiff, provided that such amended complaint is filed under seal to prevent public disclosure of Ready Capital's or Broadmark's confidential information; however, Defendants need not answer or otherwise respond to any complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

7.    Upon the lifting of the stay, the Parties shall meet and confer and, within thirty (30) days, submit a proposed schedule to the Court.

8.    The Parties do not waive, and are not, waiving any rights, claims, arguments or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses, including, without limitation, any argument that this action was brought in the incorrect forum.

Dated:  September 22, 2025

**THE BROWN LAW FIRM, P.C.**

/s/ Timothy Brown
Timothy Brown *by GSW with Permission*
Federal Bar No. 30976
tbrown@thebrownlawfirm.net
767 Third Avenue, Suite 2501
New York, New York 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Attorney for Plaintiff Diego Ignacio Murguia*

**VENABLE LLP**

s/ G. Stewart Webb, Jr.
G. Stewart Webb, Jr.
Federal Bar No. 00828
John T. Prisbe
Federal Bar No. 04669
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Tel: 410-244-7400
Fax: 410-244-7742
gswebb@venable.com
jtprisbe@venable.com

**OF COUNSEL:**

**ALSTON & BIRD LLP**

Elizabeth Gingold Clark (*pro hac vice forthcoming*)
Andrew T. Sumner (*pro hac vice forthcoming* )
William J. Lasker (*pro hac vice forthcoming*)
1201 W Peachtree Street, Suite 4900,
Atlanta, GA 30309
Telephone: (404) 881-7132
elizabeth.clark@alston.com
andy.sumner@alston.com
will.lasker@alston.com

*Attorneys for Defendants*

SO ORDERED this __24th__ day of September 2025.

/s/
_____
JULIE R. RUBIN, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

5